IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Thompson

Plaintiff(s),

v.

Community Assistance Programs

Defendant(s).

Case No. 15 c 2249
Judge Virginia M. Kendall

## ORDER

The Court grants in part and denies in part the Defendant's motion to dismiss (Dkt. No. 6.) The Court dismisses Thompson's retaliation claim (Count III) without prejudice but her failure to accommodate claim (Count II) survives.

## STATEMENT

On March 13, 2015, Plaintiff Sonya Thompson levied the instant action against Defendant Community Assistance Programs, alleging that Community violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.*, and the Illinois Whistle Blower Act, 740 ILCS § 174/1, *et seq.* Specifically, Thompson contends that Community violated the ADA by discriminating against her based on a perceived disability of drug addiction (Count I), failed to accommodate her actual disability of anxiety disorder (Count II), and retaliated against her for filing a charge with the Equal Employment Opportunity Commission ("EEOC") (Count III). Community moves the Court to dismiss Counts II and III of Thompson's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)[1], arguing that Thompson's failure to accommodate and retaliation claims were not included in the charge Thompson filed with the EEOC. For the reasons that follow, the Court grants in part and denies in part Community's motion. The Court dismisses Count III, Thompson's retaliation claim, without prejudice.

The Court takes the following facts from the complaint and treats them as true for purposes of this motion. *See Olson v. Champaign County, Ill.*, 784 F.3d 1093, 1095 (7th Cir. 2015). The Court also considers Thompson's EEOC charge because it is attached to her complaint, along with additional facts set forth in her brief in opposition to dismissal that are consistent with her pleadings. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Thompson began working for Community as a Program Coordinator in March 2013. (Dkt. No. 3 at ¶ 7.) Her employment was slated to be funded through November 2014. (*Id.*) As Program Coordinator, Thompson oversaw Community's initiatives and made sure Community's goals

---

[1] The Court treats the motion to dismiss based on the affirmative defense of failure to exhaust administrative remedies as a Rule 12(b)(6) motion. *See Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) (stating that failure to exhaust administrative remedies is not a jurisdictional requirement, although it is a reason for dismissal).

were reached. (*Id.* at ¶ 13.) During her tenure, Thompson reported directly to Community's Executive Director, Sheryl Holman. (*Id.* at ¶ 14.)

Thompson alleges that beginning in November 2013, her working environment began to deteriorate. Specifically, Thompson had to take a random drug test, despite the fact that she had taken and passed a drug test before her employment began, that no other employee was required to take. (*Id.* at ¶¶ 18-19.) Thompson believes Community targeted her because Community thought she had a drug addiction. (*Id.* at ¶ 20.) Thompson passed this second drug test, yet six weeks later, Community ordered her to take another drug test. (*Id.* at ¶¶ 21-22.) She was the only employee asked to take this test as well. (*Id.* at ¶ 22.) Again, Thompson tested negative. (*Id.* at ¶ 24.) She requested a copy of her employment file, sought sick leave, and requested bereavement leave in January 2014, but Community denied all three requests. (*Id.* at ¶¶ 25-27.) Around this same time, Holman additionally altered the fundamental terms and conditions of Thompson's position by taking away one of her work assignments and ordering Thompson to report to another employee. (*Id.* at ¶¶ 28-32.)

On February 11, 2014, Thompson told Holman that she suffered from anxiety disorder and requested an accommodation to work from home due to the newly-stressful work environment. (*Id.* at ¶¶ 35-36.) Holman responded by suspending Thompson and ordering her to turn in her keys and equipment. (*Id.* at ¶ 37.) On February 21, 2014, Thompson replied to Holman's response and told her that she felt discriminated against and planned to contact the EEOC. (*Id.* at ¶ 40.) Holman fired Thompson on February 27, 2014. (*Id.* at ¶ 41.)

Thompson filed a Charge of Discrimination with the EEOC on March 12, 2014. (Dkt. No. 3-1.) The charge alleges that Community discriminated against her because of her disability. (*Id.*) Thompson did not check the retaliation box on the charge, nor does the charge mention either retaliation based on her EEOC complaint or a failure to accommodate. (*Id.*) The charge states only that Thompson was the only employee subjected to drug tests, that she was suspended after she disclosed her disability to Community, and that she was discharged subsequent to that disclosure. (*Id.*) Thompson signed the charge as drafted.

Thompson contends that, during intake, she informed the EEOC representative who typed up the charge of all the claims in her instant complaint, but that the representative failed to include all of those allegations in the charge. (Dkt. No. 14-1, Thompson Aff. at ¶ 4.) Thompson also provided an email she sent to the EEOC representative, telling the representative that Community denied her a reasonable accommodation for her anxiety disorder. (*Id.* at ¶ 9; Dkt. No. 14-3.) Thompson provided her affidavit and emails in her response to Community's motion to dismiss. The EEOC issued Thompson a Right to Sue notice on December 10, 2014, which she received on December 15, 2014. (Dkt. No. 3-2.)

For purposes of a Rule 12(b)(6) motion to dismiss, the Court takes all facts alleged in the complaint as true and draws all reasonable inferences from those facts in the plaintiff's favor, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of veracity. *See Vinrich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Doe v. Vill. of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015) (citations and internal quotation marks omitted).

Community argues that Thompson's failure to accommodate (Count II) and retaliation (Count III) claims were not part of the charge that she filed with the EEOC. Based on these omissions, Community contends that Thompson has failed to exhaust her administrative remedies with regards to those claims and that they should be accordingly be dismissed. A plaintiff is generally required to present in her EEOC charge any claim she seeks to pursue in federal court. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004) ("an employee may sue under the . . . ADA only if he files a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice"); *see also Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("Generally a plaintiff may not bring claims . . . that were not originally brought among the charges to the EEOC"). This requirement gives the employer notice of the charged conduct and presents a meaningful opportunity for the EEOC and the employer to settle the dispute. *See Peters*, 307 F.3d at 550.

Nevertheless, a plaintiff may proceed on claims not explicitly set out in a charge if those claims are "like or reasonably related" to the claims in her charge and could "be expected to grow out of an EEOC investigation of the charge." *Id.*; *see also Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) ("the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals"). When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are only related if the new allegations can reasonably be inferred from the facts alleged in the charge. *See Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995). When faced with an exhaustion issue, the Court is not necessarily confined to considering only the body of the charge. Additional documents "may be considered when it is clear that the charging party intended the agency to investigate the allegations." *Cheek*, 31 F.3d at 502. However, the Court may not consider claims "orally communicated to the agency, but omitted through the latter's fault." *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 665 n.2 (7th Cir. 2000) (holding that "an oral charge, if made as [the plaintiff] testified, not reflected in nor reasonably related to the charge actually filed, is not a sufficient predicate for a claim"); *cf. Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 702 (7th Cir. 1999) (rejecting plaintiff's reliance on information written on intake form but not included in charge, where plaintiff had opportunity to read and sign charge).

The Court begins by examining Thompson's EEOC charge. In it, she checked the "disability" discrimination box and provided as particulars the following statement:

> I was hired by [Community] on or around March 25, 2013. My position was Project Manager. During my employment I was the only employee subjected to random drug tests. I was suspended from my employment immediately after I disclosed my disability to [Community]. Subsequently, I was discharged.
>
> I believe that I have been discriminated against based on my disability, in violation of the Americans with Disabilities Act of 1990 as amended.

(Dkt. No. 3-1.) The EEOC charge does not indicate that Thompson sought a reasonable accommodation for a disability. Nor does it claim that she made a complaint concerning discrimination to Community and suffered retaliation as a result. Thompson only complained

that she was suspended and discharged due to her disability in her EEOC charge. Complaining of disparate treatment or wrongful discharge is insufficient to exhaust administrative remedies as to retaliation or failure to accommodate claims. *See Swearingen-El v. Cook County Sheriff's Dep't*, 602 F.3d 852, 864-65 (7th Cir. 2010) ("Normally, retaliation and discrimination charges are not considered like or reasonably related to one another.") (internal quotation marks omitted); *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 897 (7th Cir. 1999) ("A claim for failure to accommodate is separate and distinct under the ADA from one of disparate treatment because of a disability."). Were the Court to only examine Thompson's charge, both her failure to accommodate and retaliation claims would fail.

But here, Thompson's failure to accommodate claim is saved by her email to the EEOC representative. *See Cheek*, 31 F.3d at 502 (additional documents "may be considered when it is clear that the charging party intended the agency to investigate the allegations."). As Community acknowledges, courts may "consider allegations not included in the charge, but only if those allegations are included in a document that accompanies the charge." (Dkt. No. 15 at 5.) Making all reasonable inferences in Thompson's favor at this stage of the litigation, Thompson's email to the EEOC representative accompanied her charge. Thompson emailed the representative after originally meeting with her, asked her to include the email as part of her complaint, further defined her disability (mental health disorder), and stated that Community discharged her after she asked for a reasonable accommodation. (Dkt. No. 14-3.) The EEOC representative acknowledged receipt of the email. (*Id.*) Thompson's email therefore makes it "clear that [Thompson] intended the agency to investigate" a failure to accommodate claim. *Cheek*, 31 F.3d at 502. Accordingly, it survives the motion.

Thompson's retaliation claim fares worse. There is no mention of retaliation in the charge, nor has Thompson provided any documentation accompanying the charge demonstrating that the EEOC or Community was aware she intended to pursue a retaliation claim. Thompson's affidavit alleging she orally disclosed this intent to pursue a retaliation claim is insufficient. *See Peters*, 307 F.3d at 550 (holding retaliation claim unexhausted where charge made no mention of a complaint of discrimination, to whom the complaint was made, or what adverse action allegedly resulted from the complaint and plaintiff failed to check retaliation box on charge); *see also Vela*, 218 F.3d at 665 (oral disclosures to EEOC representatives are insufficient because "notice of such a statement cannot be expected to reach the employer."). Because there is no suggestion of retaliation in either Thompson's charge or her emails to the EEOC representative, such a claim would not naturally grow out of the agency's investigation of the discrimination claim in her charge, which focuses on her discharge. The Court therefore dismisses her retaliation claim without prejudice.[2]

For the reasons stated herein, the Court grants in part and denies in part Community's motion to dismiss.

---

[2] According to the Seventh Circuit, "the proper remedy for a failure to exhaust administrative remedies is to dismiss the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims." *See Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989). As a practical matter, however, the window for Thompson to bring a charge raising a retaliation claim has likely closed. *See Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009) ("In Illinois, a complainant must file a charge with the EEOC within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely.").

Date: 8/27/2015

_____
Virginia M. Kendall
United States District Judge